UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO E. LUNA,<br>　　　　Plaintiff<br>　　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 2:17-cv-06930-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Mario Luna ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br.") and Dkt. 18 ("Def.'s Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On October 21, 2013, Plaintiff filed an application for SSI, alleging that he

became disabled as of May 23, 2012.[1] [Dkt. 13, Administrative Record ("AR") 27, 179-185.] The Commissioner denied his initial claim for benefits on July 9, 2014. [AR 13; 112-114.] On April 11, 2016, a hearing was held before Administrative Law Judge ("ALJ") Michael D. Radensky. [AR 44-63.] On April 26, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 27-38.] Plaintiff requested review from the Appeals Council, which denied review on June 28, 2017. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since October 21, 2013, the application date. [AR 29 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the neck and back; osteoarthritis of the bilateral hips; and fibromyalgia. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 30 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [L]ight work as defined in 20 CFR 416.967(b) in that the claimant is capable of lifting/carrying 20 pounds occasionally and 10 pounds frequently. Moreover, the claimant is capable of sitting for 6 hours and standing/walking for 6 hours in an 8-hour day. In addition, he is capable of occasional climbing, balancing, stooping, kneeling crouching or crawling.

---

[1] Plaintiff previously filed a prior application for SSI and DIB for a period of disability prior to May 23, 2012. That application was denied by an ALJ on May 22, 2012. [AR 64-76.] The Appeals Council denied review of the ALJ's decision [AR 92] and Plaintiff did not request review from the District Court.

[AR 31-34.] Applying this RFC, the ALJ found that Plaintiff was capable of performing past relevant work as a factory assembler (DOT 706.684-022) as it is actually and generally performed, and, thus, is not disabled. [AR 34.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV. DISCUSSION

Plaintiff asserts that the ALJ failed to state sufficient reasons for discounting Plaintiff's testimony regarding his pain. [Pltf.'s Br. at 2-13.] The Court agrees.

Plaintiff has severe impairments consisting of degenerative disc disease of the neck and back, osteoarthritis of the hips, and fibromyalgia. [AR 29.] Plaintiff testified that he has pain in his cervical spine and it hurts to turn his head left or right and look up or down. [AR 50.] He also experiences pain in his lumbar spine that radiates down to his legs and knees. [AR 51.] Plaintiff reported that the pain is constant. [AR 220.] Plaintiff stated that as a result, he could only stand for twenty to thirty minutes, walk for one block, and sit for one hour before needing to take a break. [AR 53, 220.] Plaintiff estimated that he could stand, walk, or sit for a total

3

of four hours in an eight-hour workday. [*Id.*] Plaintiff also testified that he could lift five to fifty pounds.[2] [AR 53-54.]

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" [AR 30], the ALJ's reasons must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

Here, the ALJ gave two clear reasons to reject Plaintiff's credibility: (1) inconsistencies between Plaintiff's testimony and his daily activities; and (2) inconsistencies between the objective medical evidence and Plaintiff's allegations of pain limitations. The Court takes each in turn.

First, the ALJ found that Plaintiff's reported daily activities are not entirely consistent with his allegations of subjective symptoms/pain. [AR 33.]. An ALJ may rely on "testimony about the claimant's daily activities" to "discredit an allegation of pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The underlying theory is that if "a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." *Id.* An ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1)

---

[2] Plaintiff's counsel states that Plaintiff "appeared to be confused" when he gave his testimony about his lifting abilities. [Pltf.'s Br. at 4.]

4

"contradict [the claimant's] other testimony"; or (2) "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. But "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch*, 400 F.3d at 681). And moreover, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

Here the ALJ noted that Plaintiff's daily activities include "taking the bus, going to the park, doing his own laundry and cooking for himself." [*Id.*] However, the ALJ fails to explain how these daily activities contradict Plaintiff's testimony or established that he can work. In fact, the ALJ does not make *any* specific findings regarding Plaintiff's daily activities. Rather, the ALJ merely summarized the activities that Plaintiff testified about performing. It is not apparent from the record how Plaintiff's statements regarding the minimal activities that he can perform inside and outside the home to take care of himself conflict with Plaintiff's allegedly disabling symptomology. "[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from h[is] credibility as to h[is] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001). Further, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *Garrison*, 759 F.3d at 1016 ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace

5

environment will often be consistent with doing more than merely resting in bed all day."). Thus, the record fails to show that Plaintiff's asserted home activities are inconsistent with his allegedly disabling symptomatology.

Second, the ALJ concluded that the objective medical evidence was inconsistent with Plaintiff's testimony regarding his limitations. [AR 31-34.] It is well established that an "ALJ may not discredit a claimant's subjective testimony on" the sole basis that "no objective medical evidence" supports the claimant's testimony as to "the severity of the subjective symptoms from which he suffers." *Light v. Comm'r of Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Indeed, "it is the very nature of excess pain to be out of proportion to the medical evidence," and thus, a finding that a claimant is not credible because his pain testimony is out of proportion to the medical evidence is an "inadequate reason." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). While the lack of medical evidence to support a claimant's allegations of disabling pain and symptoms "is a factor that the ALJ can consider in his credibility analysis," it "cannot form the sole basis for discounting pain testimony." *Burch*, 400 F.3d at 681.

Thus, this reason, on its own, is inadequate to support the ALJ's adverse credibility determination, because the asserted failure of the medical record to corroborate Plaintiff's subjective symptom and pain testimony fully is not, by itself, a legally sufficient basis for rejecting such testimony. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ may not make a negative credibility finding "solely because" the claimant's symptom/pain testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *Light*, 119 F.3d at 792 ("a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); *Bunnell v. Sullivan*, 947 F.2d at 345 ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the

[symptoms]."). The ALJ's last reason, therefore, is not clear and convincing and cannot save the ALJ's adverse credibility determination.

The Commissioner asserts that the ALJ discussed two other valid reasons for the adverse credibility determination: Plaintiff's pain was "relieved with medication" and Plaintiff's "level of treatment" was conservative. [Def.'s Br. at 3-4 (citing AR 32, 52, 72-73, 269, 274, 276).] The Commissioner's argument lacks merit. First, although the ALJ considered that during an office visit in August 2013, the doctor noted that Plaintiff's pain was "better tolerated" and that he no longer needed Vicodin, the ALJ did not find that Plaintiff's pain was controlled effectively with medication; much less cite this reasoning as a basis for discounting Plaintiff's subjective complaints. [AR 32-33.] Second, the Commissioner's suggestion that the ALJ discounted Plaintiff's testimony on the basis that Plaintiff's treatment was conservative similarly mischaracterizes the ALJ's findings. [Def.'s Br. at 4.] The ALJ's decision includes no reference to conservative treatment. Rather, the Commissioner cites the hearing transcript where *Plaintiff's attorney* asked Plaintiff questions concerning whether he has received medication, injections, and/or surgery to relieve his neck and back pain. [AR 52.] However, and critically, the ALJ never asserted that Plaintiff's level of treatment supported the adverse credibility determination. The Court "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630 (internal citation omitted)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's credibility decision based on reasons not cited by the ALJ).

Accordingly, as there is no basis for finding the ALJ's error to be harmless, reversal is required.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be

7

served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review could remedy the ALJ's errors. On remand, the Commissioner must re-evaluate Plaintiff's pain/subjective symptom assertions and testimony properly, which in turn may lead to the formulation of a new RFC and the need for additional vocational expert testimony. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: July 31, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE